**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE: 2:10-CR-195-JTM-PRC |
| | ) | |
| SHAWN DARNELLE HOSKING, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on an oral motion made in open court on May 21, 2013, by counsel for Defendant to renew the Motion for Further Examination [DE 49], originally filed by Defendant Shawn Darnelle Hosking by counsel on February 26, 2013.

On October 22, 2012, Defendant filed a Motion to Determine Competency. On November 28, 2012, the Court granted the motion and ordered that, pursuant to 18 U.S.C. § 4247(b), the Defendant undergo an outpatient mental examination by Dr. William Hillman, Psy.D., a licensed psychologist with board certification in forensic psychology. The Court ordered that the examination determine whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court ordered that the examiner's written report with respect to these matters pursuant to 18 U.S.C. § 4247(c) be filed with the Court, with copies to counsel for the Defendant and the Government. The report was to include (a) Defendant's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to diagnosis, prognosis, and whether the Defendant suffers from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. On January 2, 2013, the Court

received Dr. Hillman's report which is dated December 12, 2012, and which is titled "Competency to Stand Trial."

> Section 4241 of Title 18 of the United States Code instructs:
>
> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is *unable to understand the nature and consequences of the proceedings against him <u>or</u> to assist properly in his defense*.

18 U.S.C. § 4241(a) (emphasis added). The statute further provides that a defendant is mentally incompetent to stand trial if, by a preponderance of the evidence, the court determines that the defendant is unable to understand the nature and consequences of the proceedings against him *or* to assist properly in his defense. *See* 18 U.S.C. § 4241(d).

In the original Motion for Further Examination, Defendant's counsel argued that the second prong of the mental competency standard–whether the defendant has the ability to consult with his lawyer with a reasonable degree of rational understanding and adequately assist counsel to properly prepare his defense–is of concern in this instance. Thus, counsel asked the Court to direct Dr. Hillman to conduct further examination into whether Defendant currently suffers from any mental health issues that prohibit him from rationally discussing this matter with his counsel. Counsel for Defendant represented that counsel for the Government does not object.

In the Court's February 27, 2012 Order denying the original Motion for Further Examination, the Court noted that the majority of the findings in Dr. Hillman's December 12, 2012 report address the first prong of the mental competency standard, namely whether Defendant is unable to understand the nature and consequences of the proceedings against him. However, the Court also

noted that Dr. Hillman's report includes in the first paragraph of its summary that Defendant "has the cognitive capacity to work with his attorney" and gives practical examples of this ability. In addition, in his closing opinion, Dr. Hillman states that Defendant's "capacity to rationally participate in his defense . . . [is] largely intact," that Defendant "has basic capacities and skills needed for competency to stand trial," and "[i]n my opinion, within a reasonable degree of scientific certainty, Mr. Hosking is competent to stand trial." Thus, the Court found that Dr. Hillman's report addresses to some reasonable extent the second prong of the mental competency standard.

However, in light of the events that have occurred since that ruling, including Defendant's failure to twice appear at scheduled court hearings despite written as well as repeated verbal notice by counsel and the pretrial services officer, the Court reconsiders that ruling. The Court now finds that Dr. Hillman's opinion does not adequately develop an analysis of the second prong and that further evaluation by Dr. Hillman into the question of whether Defendant is able to assist properly in his defense will assist the Court in determining Defendant's competency to stand trial.

Accordingly, finding the existence of reasonable cause, the Court hereby **GRANTS** the oral renewed Motion for Further Examination and **ORDERS** the following:

1. Pursuant to 18 U.S.C. § 4247(b), the Defendant shall undergo a mental examination by Dr. William Hillman, Psy.D., a licensed psychologist with board certification in forensic psychology, on an outpatient basis.

2. The Defendant shall submit to the examination as expeditiously as possible, but no later than twenty-one (21) days from the date of this Order.

3. The examination shall determine:

    whether at this time Defendant is presently suffering from a mental disease

or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. Upon completion of the examination, the examiner shall render as soon as practicable, but no later than fifteen (15) days after the examination, a written report with respect to the matters set forth above pursuant to 18 U.S.C. § 4247(c). This report shall be filed with the Court, with copies to counsel for the Defendant and the Government. The report shall include:

   a. The Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. The examiner's findings; and

   d. The examiner's opinions as to diagnosis, prognosis, and whether the Defendant suffers from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

4. Defense counsel is to submit the invoices for the evaluation to the Assistant United States Attorney.

The Court further **ORDERS** that the period of delay resulting from the examination process to determine the mental competency of the Defendant shall be excluded in computing the time within which the trial of this case must commence pursuant to the Speedy Trial Act, l8 U.S.C. § 3161(h)(l)(A).

Upon receipt of the report, the competency issue will then proceed to an in-court hearing pursuant to 18 U.S.C. § 4247(d). Accordingly, the Court **SETS** this matter for a competency hearing, if appropriate, on **July 16, 2013, at 9:00 a.m.** (C.S.T.), before the undersigned Magistrate Judge, to review the written report and make a determination on the competency of the Defendant.

The Court **ORDERS** counsel for Defendant to **SERVE** a copy of this Order on Dr. Hillman as expeditiously as possible and then to **FILE** a notice of service with the Court.

The Court **ORDERS** that Defendant Shawn Darnelle Hosking, who is on bond, be present, in person, for the hearing.

SO ORDERED this 21st day of May, 2013.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Pretrial Services/Probation